NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30206
23-NOV-2010
08:34 AM**

NO. 30206

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHAN FUNG, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-0564)


SUMMARY DISPOSITION ORDER
(By: NAKAMURA, C.J., FUJISE and LEONARD, JJ.)

Defendant-Appellant Chan Fung (**Fung**) appeals from the
Judgment of Conviction and Sentence, entered on November 2, 2009,
by the Circuit Court of the First Circuit (**Circuit Court**),
convicting and sentencing him for Unauthorized Entry into a Motor
Vehicle (**UEMV**) in violation of Hawaii Revised Statutes (**HRS**)
§ 708-836.5 (Supp. 2009).[1]  On appeal, Fung contends that:  (1)
the Circuit Court erred in admitting Fung's "mug shot" into
evidence; (2) the jury wrongfully convicted Fung, and the Circuit
Court erroneously denied Fung's oral motion for a judgment of
acquittal; and (3) Fung's right to a fair trial was prejudiced by
the State's improprieties in closing argument.

---

[1]    The Honorable Virginia L. Crandall presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Fung's points of error as follows:

(1) Fung argues that the Circuit Court erred in admitting his photograph because the State failed to demonstrate a need to introduce it into evidence, any probative value of the photograph was substantially outweighed by the danger of unfair prejudice, and its admission was not harmless beyond a reasonable doubt.

Courts in many jurisdictions have recognized that the introduction of a defendant's "mug shot" can create problems of potential unfair prejudice because of a mug shot's suggestion of prior criminal activity. See 3 Wharton's Criminal Evidence § 16:10 (15th ed. 1999); see also, e.g., Barnes v. United States, 365 F.2d 509, 510-511 (D.C. Cir. 1966) (stating that the "double-shot picture, with front and profile shots alongside each other, is so familiar, from 'wanted' posters in the post office, motion pictures and television, that the inference that the person involved has a criminal record, or has at least been in trouble with the police, is natural, perhaps automatic"). To address this risk of unfair prejudice, courts in Hawai'i and other jurisdictions have adopted criteria for assessing the admissibility of mug shots. See State v. Kutzen, 1 Haw. App.

2

406, 412, 620 P.2d 258, 262 (1980); State v. Reiger, 64 Haw. 510, 512-13, 644 P.2d 959, 962 (1982) (adopting the Kutzen test).

In Kutzen, the State sought the admission of two double-shot photographic exhibits of the defendants, each consisting of a front and profile view, with police identification numbers across the bottom of each photograph. Kutzen, 1 Haw. App. at 410, 620 P.2d at 261. The trial court admitted the photographs into evidence on the condition that all marks identifying them as "mug shots" be removed and no reference to their origin or place of viewing be made. Id. Pursuant to the trial court's condition, pieces of white paper were folded and stapled to the photographs to mask the identification numbers. Id. at 413, 620 P.2d at 263.

On appeal, we adopted a three-part test:

1. The [g]overnment must have a demonstrable need to introduce the photographs; and

2. The photographs themselves, if shown to the jury, must not imply that the defendant has a prior criminal record; and

3. The manner of introduction at trial must be such that it does not draw particular attention to the source or implications of the photographs.

Kutzen, 1 Haw. App. at 412-13, 620 P.2d at 262-63 (citation omitted).

Applying this test, we reversed, holding that the admission of the mug shots was erroneous because the appearance and insufficient masking of the mug shots suggested to the jury that the defendants had a prior criminal record. Id. at 413, 620

3

P.2d at 263.  In addition, the government failed to demonstrate a need to introduce the photographs.  Id.

It is not clear, however, whether the Kutzen test applies to every photograph of a criminal defendant obtained while in police custody or whether it applies only to photographs with some associated indicia of criminal conduct.  In this case, although it is undisputed that the photograph was Fung's mug shot, there were no definitive characteristics identifying it as such.  The photograph was not the classic double-shot picture, with front and profile shots, commonly recognized as a mug shot.  The photograph of Fung was an unmarked, frontal shot, with neither internal police markings nor mug shot identification numbers.  Thus, there was no basis to associate Fung's photograph with past or present criminal activity.

Nevertheless, we will consider the Kutzen analysis in conjunction with our review.  First, the State's "need" for the photographic evidence was minimal, at best, because two of the State's witnesses made in-court identifications of Fung and Fung was not challenging identification.  Second, however, the appearance of Fung's photograph does not in any way imply prior criminal activity or that Fung was in police custody at the time it was taken.[2]  Third, the photograph was not introduced in a

_____

[2]    We also note that the photograph was not "grossly prejudicial" as characterized by the defense.  In objecting to the photograph's admission, the defense described Fung's appearance as "emaciated," "distorted," "callused," and "he looks like he's on drugs."  There is nothing in the photograph to support these descriptions.

4

manner that drew particular attention to its source or implications. The mug shot was introduced during an eyewitness's testimony, and the source of the photograph was not mentioned to the jury. On balance, we cannot conclude that the Circuit Court abused its discretion in admitting Fung's photograph into evidence.

(2) Fung argues that there was insufficient evidence to support the jury's determination that Fung entered the subject truck or acted as an accomplice to a person entering the truck. We disagree. Two witnesses testified that they saw Fung walking away from the delivery truck carrying a case of wine. One of the witnesses, the truck's driver, also testified that the back door of the delivery truck was closed, but unlocked, when he entered Murphy's Bar and Grill. Furthermore, the driver testified that he heard what sounded like the back door of the truck closing after he returned to the truck. When he went to investigate the noise, he saw Fung. We defer to the jury in determining credibility, weighing the evidence, and drawing reasonable inferences of fact from the evidence adduced. Based on the evidence adduced and reasonable inferences therefrom, we conclude that the jury did not wrongfully convict Fung, and the Circuit Court's denial of Fung's motion for judgment of acquittal was not erroneous.

(3) Fung argues that the State engaged in prosecutorial misconduct during its closing argument by stating:

5

> This was a golden opportunity, a golden illegal
> opportunity, an opportunity seized by two men who quickly
> planned and executed a theft of two cases of wine that were
> resting just one minute earlier inside Paul Espinda's
> delivery truck.  One of these two men was caught redhanded.
> Now, you as members of the jury, as ministers of justice,
> have the role of finding the defendant guilty of the charge.
>
> . . .
>
> In this particular case, members of the jury, justice
> requires you to find this defendant Chan Fung guilty as
> charged.

Fung objected to the prosecutor's statements and unsuccessfully moved for a mistrial based on prosecutorial misconduct.  On appeal, Fung again argues that the above statement constituted prosecutorial misconduct because "the prosecutor's remarks in closing asked the jurors to ignore the facts and law of the case, and tell the jurors it was their civic duty to find Fung guilty."

In State v. Maluia, 107 Hawai'i 20, 26, 108 P.3d 974, 980 (2005), the Hawai'i Supreme Court held:

> [W]henever a defendant alleges prosecutorial misconduct,
> this court must decide: (1) whether the conduct was
> improper; (2) if the conduct was improper, whether the
> misconduct was harmless beyond a reasonable doubt; and (3)
> if the misconduct was not harmless, whether the misconduct
> was so egregious as to bar reprosecution.

To determine whether alleged prosecutorial misconduct reaches the level of reversible error, we then consider "the nature of the alleged misconduct, the promptness or lack of a curative instruction, and the strength or weakness of the evidence against defendant."  State v. Agrabante, 73 Haw. 179, 198, 830 P.2d 492, 502 (1992) (citations omitted).

6

With regard to the alleged misconduct in this case, it is well established that "prosecutors are bound to refrain from expressing their personal views as to a defendant's guilt or credibility of witnesses." State v. Suan, 121 Hawai'i 169, 175, 214 P.3d 1159, 1165 (App. 2009) (citation omitted). Although not binding on this court, we note the United States Court of Appeals for the Ninth Circuit has stated that it is "improper for the prosecutor to state that the duty of the jury is to find the defendant guilty." United States v. Sanchez, 176 F.3d 1214, 1224-25 (9th Cir. 1999) (citation omitted). In Sanchez, the Ninth Circuit also stated:

> There is perhaps a fine line between a proper and improper 'do your duty' argument. It is probably appropriate for a prosecutor to argue to the jury that 'if you find that every element of the crime has been proved beyond a reasonable doubt, then, in accord with your sworn duty to follow the law and apply it to the evidence, you are obligated to convict, regardless of sympathy or other sentiments that might incline you otherwise.'

Id. at 1225. The Ninth Circuit held, inter alia, that the prosecution's conduct in that case amounted to prosecutorial misconduct because

> the prosecutor did not tell the jury that it had a duty to find the defendant guilty only if every element of the crime had been proven beyond a reasonable doubt. Nor did he remind the jury that it had the duty to acquit Sanchez if it had a reasonable doubt regarding his guilt.

Id.

In the present case, the prosecutor stated, "Now, you as members of the jury, as ministers of justice, have the role of finding the defendant guilty of the charge." In essentially the next breath, however, the prosecutor also told the jury, "My

burden of proof as the representative of the State is to prove this case beyond a reasonable doubt," and, "[s]econdly important is that you are not to be influenced by pity for the defendant, or hatred, passion or prejudice against him.

The prosecutor also stated, "In this particular case, members of the jury, justice requires you to find this defendant Chan Fung guilty as charged."[3] This statement, however, was preceded by the prosecutor's detailed analysis of the evidence and what the State was required to prove and was made in the context of a discussion regarding the desire for fair and impartial jurors, who would render a "true verdict," "because we're all here for one thing, and that's justice."

Finally, we note that, over Fung's objections, on three occasions during closing argument the prosecution displayed a slide with Fung's photograph (discussed above) and the caption, "GUILTY AS CHARGED." On appeal, however, Fung does not assert that this use of the photograph constituted prosecutorial misconduct.[4]

---

[3]     On appeal, Fung also argues that the State engaged in prosecutorial misconduct in rebuttal closing argument by stating:  "The evidence is there.  You're reasonable, use your common sense.  There's no reason why you shouldn't find him guilty.  Please do your job and administer justice."  Fung did not object to the statement at trial or renew his motion for mistrial based on that statement.  Moreover, the plea for the administration of justice did not suggest that the only way to administer justice was to convict.

[4]     Instead, Fung argues that the prejudicial use of the photograph demonstrates that it should not have been admitted into evidence in the first instance.

8

Based on a careful review of the entire closing argument, we cannot conclude that the prosecutor's statements were improper. Unlike the prosecutor in <u>Sanchez</u>, the prosecutor in this case immediately followed the questionable comment about the jury's role as ministers of justice with statements that the State has the burden of proof beyond a reasonable doubt, and that the jury should not be influenced by pity for the defendant or prejudice against him. The prosecutor's fleeting reference to the jury as ministers of justice was not repeated.

The prosecutor's comment that "justice requires" the jury to find the defendant guilty, viewed in context, was essentially that the jury should find Fung guilty based on a fair evaluation of the evidence.

Accordingly, we conclude that the Circuit Court did not abuse its discretion in denying a mistrial.

For these reasons, we affirm the Circuit Court's November 2, 2009 Judgment of Conviction and Sentence.

DATED: Honolulu, Hawai'i, November 23, 2010.

On the briefs:

Jacquelyn T. Esser
Deputy Public Defender
for Defendant-Appellant

James M. Anderson
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

9